UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| GERALD WILLIAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 6:17-CV-222-REW-EBA |
| v. ) | |
| ) | OPINION & ORDER |
| KENTUCKY ASSOCIATION OF ) | |
| COUNTIES INSURANCE AGENCY, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs Gerald Williams and Chad Ludwick, former Leslie County Detention Center (LCDC) inmates, initiated this 42 U.S.C. § 1983 action against Defendants, LCDC employees[1] and its insurer, alleging state law negligence and Eighth Amendment[2] violations. DE 1, at 3–4 (Complaint). The suit stems from a fire at LCDC. Plaintiffs claim injuries resulting from facility personnel's alleged failure to evacuate male inmates from

---

[1] Specifically, Danny Clark, LCDC Jailer, in his individual capacity, and Unknown Corrections Officers (Doe Defendants). DE 1, at 2.

[2] The Court will analyze the claims under the Eighth Amendment, as alleged, but here notes that pretrial detainees challenging conditions of confinement receive Fourteenth Amendment due process protections. *Ingraham v. Wright*, 97 S. Ct. 1401, 1412 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."). Practically, the rubric is the same. *City of Revere v. Massachusetts Gen. Hosp.*, 103 S. Ct. 2979, 2983 (1983) ("In fact, the due process rights of a [detainee] . . . are at least as great as the Eighth Amendment protections available to a convicted prisoner. *See Bell v. Wolfish*, 441 U.S., at 535, n. 16, 545, 99 S. Ct., at 1872, n. 16, 1877."); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases[.]" (internal citation omitted)).

a smoke-filled room. Named Defendants moved to dismiss. DE 5 (Motion). After full briefing (DE 9 – Response; DE 11 – Reply), Magistrate Judge Atkins recommended wholesale dismissal. DE 12 (Report and Recommendation). Specifically, the R&R endorsed dismissing Defendant Kentucky Association of Counties Insurance Agency, Inc. (KACo) as an improper party and dismissing the remaining claims for failure to state a § 1983-cognizable claim. *Id.* at 3, 6.

Judge Atkins explicitly notified the parties of the waiver implications of any failure to object. *Id.* at 6. Nonetheless, Plaintiffs did not substantively object to the recommendation. *See* DE 13 (Response). Instead, Plaintiffs moved for leave to amend the Complaint. *See id.*; DE 15 (Motion for Leave to Amend). The amendment motion is fully briefed. DE 16 (Defendants' Response), DE 18 (Plaintiffs' Reply).[3] The motions and R&R are ripe for review.[4]

## I. GOVERNING STANDARDS

  *A. Dismissal*

---

[3] The parties did not caption the amendment briefing as such. Rather, Defendants captioned their responsive filing as a "Reply to Plaintiffs' Response to Magistrate Judge's Report and Recommendation." DE 16. Plaintiffs followed suit, filing a "Response to Defendants' Response to Magistrate Judge's Report." DE 18. Nonetheless, the Court, looking through form to substance, considers the DE 16 and 18 filings for purposes of the amendment motion analysis.

[4] The Court could address the pending matters in reverse chronological order and, potentially, moot the motion to dismiss and R&R. *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) ("When a pleading is amended . . . the original pleading no longer performs any function in the case[.]"). Nonetheless, the Court turns first to the dismissal issues. Although all parties agree that current-Defendant KACo is not a proper party, the only pending dismissal effort, as to KACo, relies on the original Complaint. Also, Defendants' opposition to the amendment effort relies heavily on the R&R and previously asserted dismissal bases. Stated otherwise, judicial economy concerns do not strongly favor preemptively addressing amendment, and taking up the matters sequentially ensures a proper vehicle for KACo dismissal.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do[.]" *Twombly*, 127 S. Ct. at 1965. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Yet, courts need not accept "legal conclusion[s] couched as [ ] factual allegation[s]." *Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986). Finally, "[m]atters outside of the pleadings are not to be considered by a court in ruling on a . . . motion to dismiss." *Weiner v. Klais and Co., Inc.*, 108 F.3d. 86, 88 (6th Cir. 1997).

Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Where plaintiffs state "simply, concisely, and directly events that . . . entitled them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement[.]" *Id.*; *El-Hallani v. Huntington Nat. Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low.").

B. Amendment

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with the court's leave, which "[t]he court should freely give . . . when justice so

3

requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, courts may deny amendment for a variety of reasons—"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 83 S. Ct. 227, 230 (1962). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 83 S. Ct. at 230.[5]

### C. Deliberate Indifference

To survive a motion to dismiss Eighth Amendment conditions of confinement claims, such as Plaintiffs now bring, prisoners must allege "facts that, if proven, would show that prison officials acted with 'deliberate indifference' towards conditions at the prison that created a substantial risk of serious harm. . . . This test involves both an objective and subjective component." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal citations omitted). To satisfy the objective component, "[f]or a claim (like the one here) based on a failure to prevent harm, the inmate must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Farmer v.*

---

[5] The Supreme Court, of course, recognizes the adverbial laxity in the rule and has applied it "to ward off . . . insistence on a punctiliously stated 'theory of the pleadings[.]'" *Johnson v. City of Shelby*, 135 S. Ct. at 347. The Sixth Circuit has suggested that a timely request to amend, in response to potential dismissal, is a factor in assessing the trial court's exercise of discretion on denying or freely granting amendment. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551–52 (6th Cir. 2008).

4

*Brennan*, 114 S. Ct. 1970, 1977 (1994). To satisfy the subjective component, the inmate must show that prison officials acted (or failed to act) with "deliberate indifference to inmate health or safety[.]" *Id.* (internal citations and quotation marks omitted).

Per the cases, deliberate indifference, in turn, has subjective and objective components. *Perez v. Oakland Cnty.*, 466 F.3d 416, 423 (6th Cir. 2006).[6] "[T]he deliberate indifference standard 'describes a state of mind more blameworthy than negligence[.]" *Brown*, 207 F.3d at 867. Plaintiffs must show that prison officials knew of and disregarded conditions objectively posing "an excessive risk to inmate health or safety[,]" and that the officials did so with a sufficiently culpable state of mind. *Id.*; *see also Youngberg v. Romeo,* 102 S. Ct. 2452, 2458 (1982) ("[I]t is cruel and unusual punishment to hold convicted criminals in unsafe conditions.").

"In considering the subjective component, [the Sixth C]ircuit has emphasized that a plaintiff must produce evidence showing that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Perez*, 466 F.3d at 424; *Rouster*, 749 F.3d at 446 (setting out test). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 117 S. Ct. 1382, 1391 (1997)); *see*

---

[6] Case law does not consistently use the same terminology, but the objective component of deliberate indifference substantially dovetails with the sufficiently serious deprivation inquiry. *See, e.g.*, *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001); *Daniels v. Mahone*, No. 1:14-CV-2753, 2015 WL 3619529, at *2-3 (N.D. Ohio June 8, 2015).

5

*also Farmer*, 114 S. Ct. at 1980 (adopting "subjective recklessness" as the test for deliberate indifference).[7]

"[T]he subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by factually unsupported, conclusory opinions of the court or of the prisoners or their representatives." *United States v. Michigan*, 940 F.2d 143, 154 n.7 (6th Cir. 1991). However, "courts may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious[,]" *Warren*, 576 F. App'x at 553 (internal quotation marks omitted) (quoting *Hope v. Pelzer*, 122 S. Ct. 2508, 2514 (2002)), or in other "usual ways, including inference from circumstantial evidence." *Id.* (quoting *Farmer*, 114 S. Ct. at 1981).

## II. RECOMMENDED DISMISSAL

Plaintiffs pursue recovery based on a relatively straightforward factual scenario: Certain female inmates, on August 13, 2016, started a mattress fire in the "female communal room" at LCDC. During—and for three hours after—the conflagration, LCDC staff allegedly refused to evacuate the male prisoners, including Plaintiffs, from the adjacent, smoke-filled, male communal room. Defendants moved for Rule 12(b)(6) dismissal. DE 5. Upon full briefing, Judge Atkins recommended dismissing Defendant KACo "because it is not a real party in interest" and dismissing the balance of the

---

[7] For the subjective component of deliberate indifference, the standard of "deliberateness tantamount to an intent to punish" is "not good law." *Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 559 (6th Cir. 2014). Instead, as set out above, "deliberate indifference . . . is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 114 S. Ct. at 1978. *Farmer* described the boundary line, recklessness, as when "the official knows of and disregards an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk . . . exists, and he must also draw the inference." *Id.* at 1979.

Complaint as alleging only negligent conduct, which is not actionable under § 1983. DE 12, at 3–6.

The Court must conduct a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). A party that fails to "file objections with the district court . . . waive[s] [the] right to appeal." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Despite Plaintiffs' non-objection, the Court has examined the recommendation in full. The Court agrees that all claims against KACo should be dismissed. Indeed, the Complaint contains not a single factual allegation against KACo. Plaintiffs agree that KACo dismissal is appropriate. DE 9, at 1. [The proposed Amended Complaint (DE 15-1) seeks to substitute LCDC for KACo.] Accordingly, the Court adopts Judge Atkins's recommendation in part and dismisses KACo from this action.

On the other hand, the Court finds dismissal as to Clark and the Doe Defendants unwarranted. The Court reads the original Complaint as alleging distinct state law negligence and § 1983 deliberate indifference claims that satisfy the 12(b)(6) standard and, thus, rejects the dismissal recommendations as to Clark and the Unknown Defendants. *See* DE 1, at ¶¶ 8–14 ("Count I – Negligence"), at ¶¶ 15–17 ("Count II – Violation of the Eighth Amendment"). As Judge Atkins noted, stressing the Kentucky law references in the Complaint, "negligence claims may arise under state law negligence theories." DE 12, at 4 (citing *Woodrum v. City of Frankfort*, No. Civ.A.05-CV-32-KKC,

2005 WL 1514309, at *2 (E.D. Ky. June 24, 2005)). The Court also agrees that "the factual allegations solely found in Plaintiffs' Eighth Amendment claim, [ ] construed in Plaintiffs' favor, . . . [plausibly state a claim] that Defendant Clark, in his individual capacity, and the Unknown Corrections Officers exhibited deliberate indifference toward Plaintiffs' health sufficient to constitute cruel and unusual punishment under the Eighth Amendment." DE 12, at 5. Judge Atkins saw plausible negligence and a plausible deliberate indifference claim but then melded the allegations to find that Plaintiffs were alleging only a negligent level of culpability. In the Court's view, the Complaint adequately stated each claim.

The Complaint, construed in Plaintiffs' favor, alleges[8] that Clark and the Unknown Defendants[9] violated the Eighth Amendment "by refusing to remove Plaintiffs from [a] smoke filled cell for approximately three (3) hours following the inception of the fire, despite their knowledge of such." DE 1, at ¶ 17. Plaintiffs further allege that "Defendants' acts or omissions . . . were grossly negligent, *reckless*, *wanton,* or *willful*." *Id.* at ¶ 19 (emphasis added). The law equates deliberate indifference with recklessness. *See Farmer*, 114 S. Ct. at 1978 ("It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."). Here, Plaintiffs claim that Defendants, during and in the aftermath of a jail fire, recklessly (or willfully) refused to evacuate them from a smoke-filled cell for three hours. At the pleading stage, this supports a plausible liability

---

[8] In addition to the unchallenged Kentucky negligence claims. *See, e.g.*, DE 1, at ¶ 10.
[9] The Complaint vacillates between "Unknown Corrections Officers," "corrections officers," and "Corrections Officers." DE 1, at ¶¶ 5, 9, 13. The Court fairly infers that each of these references the jail officers involved in the alleged failure to evacuate.

8

inference and suffices. The allegations of employee knowledge and recklessness cause the Court to reject the final step in Judge Atkins's analysis.

## III. AMENDMENT MOTION

Plaintiffs, with the proposed Amended Complaint (DE 15-1), attempt to retool the case and bolster the § 1983 claims. Williams & Ludwick now explicitly contend that LCDC personnel were deliberately indifferent toward their health and welfare. Plaintiffs also claim that Defendant Clark "implicitly authorized and approved, or knowingly acquiesced in the unconstitutional conduct of the offending" officers. DE 15-1, at ¶ 11. Plaintiffs, however, appear to abandon their state law negligence theory. The proposed amended pleading strips references to state or common law negligence theories. *Compare* DE 1, at ¶ 10 ("Under Kentucky Revised Statutes and common law, LCDC and its employees and agents have a duty to use reasonable care to prevent an injury to an inmate that the jailer could have reasonably anticipated."), *with* DE 15-1, at ¶¶ 7–13. Accordingly, the Court, hereafter, limits analysis to the federal claims under the tendered pleading.

Defendants, essentially, claim the proposed amendment would be futile. They argue the Court should deny amendment because: (1) the Amended Complaint is time barred, DE 16, at 3–4; (2) negligence (again) does not warrant § 1983 relief, *id.* at 4; (3) Plaintiffs did not exhaust their administrative remedies, *id.* at 5–6; and (4), as to Defendant Clark, the Amended Complaint alleges only supervisory involvement, which does not of itself support § 1983 liability, *id.* at 6–7.

The Court has fully reviewed the record and finds that the interests of justice require granting leave to amend only as to the claims asserted against Defendant Clark

and the Unknown Corrections Officers. As detailed below, the proposed Amended Complaint fails to state a claim upon which relief could be granted against LCDC, and, thus, amendment would be futile. The Court otherwise rejects Defendants' challenges to Plaintiffs' motion for leave.

    A. *LCDC / Time-Bar*

Regarding the claims against LCDC, the Court makes the following observations. Generally, *respondeat superior* liability does not lie in § 1983 actions. *Cf. Monell v. Dep't of Soc. Servs. of City of New York*, 98 S. Ct. 2018, 2036 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Thus, any LCDC liability must result from some official policy that caused a deprivation of Plaintiffs' Eighth Amendment rights. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("For liability to attach against Hamilton County under § 1983, the plaintiff must show that deliberate action attributable to the municipality directly caused a deprivation of federal rights." (internal citations and quotation marks omitted)).[10] As to LCDC, the amendment effort is clearly futile. Plaintiffs entirely fail to allege a nexus between any jail policy and the claimed events or injuries. Indeed, the revised complaint explicitly claims that "the Jailer and his Corrections Officers failed to comply with" their duty to follow policies and procedures. *See* DE 15-1, at ¶ 12. Plaintiffs lodging no factual

---

[10] The Court also notes that Plaintiffs do not pursue any amendment to their "Parties, Jurisdiction, and Venue" section, DE 15-1, at ¶¶ 2–6, that might explain why LCDC, as opposed to Leslie County, itself, is a proper party to this action. *See, e.g.*, *Blay v. Daviess Cty. Det. Ctr.*, No. CIV.A. 4:07CV-P69-M, 2007 WL 2809765, at *1 n.1 (W.D. Ky. Sept. 25, 2007) ("[T]he detention center is not an entity subject to suit[.]"); KRS 67B.020(3).

criticisms against the custodial entity, state no claim against LCDC upon which the Court could grant relief.

The Court also agrees that relation back would not spare claims against LCDC, as an added party, from a time bar. The Sixth Circuit generally denies relation back to a newly added party. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) ("[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'") (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). Although Rule 15(c)(1)(C) offers possible relation back for correcting mistakes in the defendant roster, that Rule aims at inadvertent misdescription or erroneous misidentification. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010) ("[T]he type of 'changes' permitted [under Rule 15] are limited to corrections of misnomers or misdescriptions."); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (describing the Rule 15(c)(1) predecessor as carrying a "mistaken identity requirement" (internal citations and quotation marks omitted)). Here, Plaintiffs clearly understood that KACo was the insurance company for LCDC. *See* DE 18, at 3 (describing KACo role). Rather than naming the alleged wrongdoing entity Plaintiffs initiated a direct action against the involved insurance company. This shows an informed election among parties (knowing the custodial entity, LCDC, but choosing to sue the entity's insurer—though alleging no wrongful conduct against the insurer entity). Poor but sentient strategy is not the type of "mistake" Rule 15(c) countenances.[11] As such, any

---

[11] "Indeed, tactical decisions by plaintiffs as to whom to sue do not constitute mistakes at all for purposes of the rule." § 1498.3 *Relation Back of Amendments Changing Parties— The Knowledge-of-Mistake Requirement*, 6A Fed. Prac. & Proc. Civ. § 1498.3 (3d ed.)

claim against LCDC would not relate back.[12] Accordingly, for all these reasons, amendment, as to LCDC, would be futile, and the Court rejects the effort.

   B. *Failure to State a Claim*

On the other hand, the Court finds that Plaintiffs allege plausible § 1983 claims against Defendant Clark and the Doe Defendants in the Amended Complaint. As explained above, the Court reads the original Complaint as containing sufficient allegations to overcome the Rule 12(b)(6) hurdle. Certainly, the proposed Amended Complaint—with its amplified claim basis and more detailed culpability allegations— fares no worse.

The defense overstates its criticisms of the amendment. Defendants insist that when Plaintiffs claim deliberate indifference they really mean gross negligence. DE 16, at 4. However, the lenient amendment (and futility/dismissal) standards mandate plaintiff-favorable (not defendant-proposed) inferences. Defendants offer no authority to support their invitation to ignore the pleading's plain language. The claims explicitly allege that Clark and the Doe Defendants were deliberately indifferent; the Court reads them accordingly. "To read the complaint any other way would suggest that the *defendant[s]*, not the [plaintiff]s, are the master[s] of their complaint." *Ohio ex rel. Skaggs v. Brunner*,

---

(citing, *inter alia*, *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 371–72 (4th Cir. 2014) ("Tatum's decision not to include as defendants the individual committee members reflected a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." (internal citations and quotation marks omitted)), cert. denied, 135 S. Ct. 2887 (2015)).

[12] To the extent Defendants contend that the full amended claim slate would be time-barred as a consequence of Plaintiffs erroneous attempt to add LCDC, they reach too far. *See* DE 16, at 5 ("Thus, the Plaintiffs' Amended Complaint is barred by the statute of limitations[.]"). While party addition, via amendment, may create a new cause of action, such action is "independent" of claims made against pre-amendment parties. *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966). The original claims facially were timely.

549 F.3d 468, 475 (6th Cir. 2008) (emphasis in original) (internal citations and quotation marks omitted).[13] The Amended Complaint alleges conscious refusal by Defendants to remove Plaintiffs from a smoke-filled cell for 3 hours. Plaintiffs accuse Defendants of voluntary and reckless conduct. This crosses the bar.

*C. Exhaustion*

Finally, Defendants, citing the Prisoner Litigation Reform Act (PLRA) exhaustion requirements, object to the amendment because "[t]he Complaint on its face, makes no allegation that either of the Plaintiffs filed any complaints or grievances with the" Defendants. DE 16, at 5. The Supreme Court has clearly held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). "In light of *Jones*, the Sixth Circuit has concluded that the exhaustion affirmative defense is best raised in a motion for summary judgment." *Jackson v. Aramark*, No. 3:17-CV-P322-DJH, 2017 WL 4288921, at *1 (W.D. Ky. Sept. 27, 2017). The Court, at the dismissal stage, is limited to the pleadings. Exhaustion—as an affirmative defense—will

---

[13] Regarding the Clark-specific arguments, it is true that a supervisory liability claim typically does not lie under § 1983 absent an allegation that the supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). "Allegations of supervisory liability by themselves, moreover, will not do the trick. Instead of holding supervisors liable on a theory of vicarious liability, the supervisors must have actively engaged in unconstitutional behavior to be liable under § 1983." *Mitchell v. Hininger*, 553 F. App'x 602, 607 (6th Cir. 2014) (internal quotation marks removed). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 902 (6th Cir. 2003). As Judge Atkins did (as to the original Complaint), the Court reads the pleading as alleging not only supervisory but also direct involvement by Clark: "Defendants violated this amendment by consciously . . . refusing to remove the Plaintiffs[.]" DE 15-1, at ¶ 19. Plaintiffs have plausibly alleged that Clark, himself, was deliberately indifferent. This warrants the requested amendment.

13

likely require resort to sources and proof not yet properly before the Court. *See, e.g.*, *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006) ("Proper exhaustion demands compliance with *an agency's deadlines* and *other critical procedural rules*[.]" (emphasis added)). The Court rejects (at this time)[14] Defendants' premature exhaustion argument.

### D. Unknown Defendants

The Court takes up one final issue (understandably) unaddressed by the named Defendants. Plaintiffs' amendment efforts do not include any attempt to name the, as yet, Unknown Corrections Officers. The LCDC fire, and the alleged injuries, occurred on August 13, 2016. Plaintiffs filed the Complaint on August 11, 2017. Between fire and filing, Plaintiffs' counsel (on May 3, 2017) corresponded with LCDC. DE 18, at 3. Plaintiffs have "yet to identify [the Doe Defendants], and thus ha[ve] yet to serve them, clearly in violation of the [90]-day window provided by Rule 4(m)."[15] *Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007), *abrogated on other grounds*, *Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017). In short, it appears, on this record, that Plaintiffs have had a reasonable opportunity to discover the identities of the corrections officers working at LCDC in August of 2016.

Further, "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run[.]" *Cox*, 75 F. 3d at 240. Here, the statute has

---

[14] Defendants, of course, may raise an exhaustion defense, as appropriate, on a more complete record.

[15] Fed. R. Civ. P. 4(m), in pertinent part, provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

expired.[16] "Replacing a 'John Doe' defendant with a new, previously unknown party is considered a change of parties and must comply with the requirements of Rule 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations." *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013). In the Sixth Circuit "an absence of knowledge is not a 'mistake' as used in Rule 15(c)(1)(C)(ii)." *Id.* at 434.[17] Accordingly, an attempt to amend to add identified officers would likely be time-barred.

In short, Plaintiffs satisfactorily pleaded § 1983 claims against the Doe Defendants, but obviously have not timely served the unidentified individuals or pursued identifying amendments within the limitations period. Thus, Plaintiffs must show cause why the amended claims against the Unknown Corrections Officers should not be dismissed under Rule 4(m).

## IV. CONCLUSION

For all these reasons the Court **ORDERS** as follows:

---

[16] For § 1983 claims, federal courts borrow forum states' personal injury statutes of limitation. *See Wilson v. Garcia*, 105 S. Ct. 1938, 1949 (1985). Here, the relevant statute surely is the one-year limitation period provided by KRS 413.140. *Ham v. Marshall Cty., Ky.*, No. 5:11-CV-11, 2012 WL 5930148, at *3 (W.D. Ky. Nov. 27, 2012) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)).

[17] The *Brown* Court noted, in 2013, that the Sixth Circuit "has not spoken authoritatively on" the continuing validity of the Circuit's rule that "an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)" since the Supreme Court decision in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010). 517 F. App'x at 434. Based on the Court's review, the Court of Appeals has not, 5-years hence, published an opinion on the question. [The sole published opinion citing *Krupski* did not address the substantive impact of the decision. *See Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 375 (6th Cir. 2015) (quoting *Krupski*'s description of relation-back effect).] Given that the Sixth Circuit has "recognized the continued validity" of the "absence of knowledge" rule in unpublished opinions, the Court would apply it here. *Brown*, 517 F. App'x at 434.

1. The Court **ADOPTS** Magistrate Judge Atkins's Report and Recommendation (DE 12) **in part** (consistent with the above rulings, only to the extent it recommends dismissing Defendant KACo), and otherwise **REJECTS** DE 12;

2. The Court **GRANTS** Defendants' Motion to Dismiss (DE 5) **in part** (consistent with the above rulings, only to the extent it seeks KACo dismissal), and otherwise **DENIES** DE 5;

3. The Court **DISMISSES** all claims against Defendant KACo **WITH PREJUDICE**;

4. The Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for leave to Amend (DE 15):

    a. The Court **DENIES** leave to add LCDC as a party Defendant;

    b. The Court **GRANTS** leave to amend the claims against Defendant Clark and the Unknown Corrections Officers;

5. Plaintiffs **SHALL** file an amended complaint consistent with the rulings set forth herein **within 14 days;** that filing shall simply remove LCDC from the tendered Amended Complaint and otherwise effect no substantive changes; and

6. Plaintiffs **SHALL SHOW CAUSE** why the Court should not dismiss all amended claims against the Unknown Corrections Officers pursuant to Rule 4(m) **within 30 days**; failure to show cause will result in dismissal, without prejudice, of claims against the Unknown Corrections Officers.

This the 28th day of June, 2018.



Signed By:
*Robert E. Wier* REW
United States District Judge